SUMMARY ORDER
Appellant Johnathan Johnson (“Johnson”), proceeding pro se, appeals from the January 30, 2008, 2008 WL 268331, and August 21, 2008 orders of the District Court denying his motions for preliminary injunctions in his 42 U.S.C. § 1983 action. Johnson twice sought orders directing his transfer from Upstate Correctional Facility (“Upstate”), where he is currently incarcerated, to another facility because he allegedly was at risk of assault while visiting with his family. In this consolidated appeal, Johnson argues that the District Court erred in denying his motions for preliminary injunctions on the grounds that he failed to state an irreparable injury. We assume the parties’ familiarity with the facts and procedural history of the case of this case.
We review a denial of a preliminary injunction for “abuse of discretion.” See Doninger v. Niehoff, 527 F.3d 41, 47 (2d Cir.2008); cf. Sims v. Blot, 534 F.3d 117, 132 (2d Cir.2008) (“A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions ....” (internal alteration, citations, and quotation marks omitted)).
“A party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of *446 success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant’s favor.” Doninger, 527 F.3d at 47 (citation omitted). Where, as here, the movant seeks an injunction that will alter rather than maintain the status quo, he must demonstrate a “clear or substantial likelihood of success on the merits.” Id. (internal quotation marks and citation omitted).
I. Docket Number 08-0658-pr (L)
Johnson is correct that the District Court erroneously found that Johnson had not demonstrated a likelihood of irreparable harm, a sine qua non for injunctive relief. Johnson’s motion, when liberally construed, alleged a violation of his Eighth Amendment right to reasonable safety. See Farmer v. Brennan, 511 U.S. 825, 842-44, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Because an alleged violation of a constitutional right “triggers a finding of irreparable harm,” Johnson necessarily satisfied the requirement that a party applying for a preliminary injunction show irreparable harm. Jolly v. Coughlin, 76 F.3d 468, 482 (2d Cir.1996); see also Statharos v. New York City Taxi and Limousine Comm’n, 198 F.3d 317, 322 (2d Cir.1999) (“Because plaintiffs allege deprivation of a constitutional right, no separate showing of irreparable harm is necessary.”) (citation omitted).
Nevertheless, we conclude that the District Court did not err in denying Johnson’s motion for a preliminary injunction because he failed to make the required showing of a clear and substantial likelihood of success on the merits of his Eighth Amendment claim. See NXIVM Corp. v. Ross Institute, 364 F.3d 471, 476 (2d Cir.2004) (“We review the denial of a preliminary injunction for an abuse of discretion. But we may affirm on any ground supported by the record.”) (citations omitted).
To state a claim for deliberate indifference to inmate safety under the Eighth Amendment, a plaintiff must demonstrate that (1) “he is incarcerated under conditions posing a substantial risk of serious harm”; and (2) “the defendant prison officials possessed sufficient culpable intent.” Hayes v. New York City Dep’t of Corrections, 84 F.3d 614, 620-21 (2d Cir.1996). A prison official has sufficient culpable intent if “he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate that harm.” Id.
Here, Johnson failed to demonstrate that he was incarcerated under “conditions posing a substantial risk of serious harm” to him. Hayes, 84 F.3d at 620. Specifically, he did not allege, much less show, that he had ever been injured at Upstate, and he did not identify specific inmates who had threatened him. Furthermore, Johnson was housed in the “most secure type of housing available in the Department of Correctional Services.” JJA 7. We therefore conclude that the District Court did not err in denying Johnson’s motion for a preliminary injunction in its January 2008 order.
II. Docket Number 08-4350-pr (Con)
In this consolidated appeal, we note that no scheduling order was issued and no briefs were filed with respect to Docket Number 08-4350-pr. Because Johnson has had no opportunity to argue before this Court that the new allegations outlined in his June 2008 motion for a preliminary injunction are sufficient to merit a preliminary injunction, we defer decision on this appeal until we receive briefing. Accordingly, we direct the Clerk to unconsolidate this appeal and enter a scheduling order forthwith.
*447 CONCLUSION
For the foregoing reasons, the January 2008 order of the District Court challenged on appeal in Docket Number 08-0658-pr is AFFIRMED. We direct the Clerk to unconsolidate the appeals in Docket Numbers 08-4350-pr and 08-0658-pr and to enter a scheduling order in Docket Number 08-4350-pr forthwith. The appeal in Docket Number 08-4350-pr shall be assigned to another panel in the normal course.