08-4350-pr
Johnson v. Connolly

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of May, two thousand ten.

PRESENT: DENNIS JACOBS,
                    Chief Judge,
            ROGER J. MINER,
            RICHARD C. WESLEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

JOHNATHAN JOHNSON,

        Plaintiff-Appellant,

        -v.-                                08-4350-pr

B. CONNOLLY, Doctor; MILES, Nurse; N. SMITH, Nurse; JOHN BURGE, Superintendent; LUCIEN LeCLAIRE, JR.; BRIAN FISCHER; ATKINSON, Nurse; MULVERHILL, Nurse; N. BEZIO; THERESA KNAPP-DAVID,

        Defendants-Appellees,

1

**JOHN ALVES, Doctor, JOHN & JANE DOES, CLASSIFICATION AND MOVEMENT,**

**Defendants**.

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:** Johnathan Johnson, pro se, Malone, NY.

**FOR APPELLEES:** Andrew B. Ayers, Assistant Solicitor General (Denise A. Hartman, Assistant Solicitor General, on the brief), for Andrew Cuomo, Attorney General of the State of New York, Office of the Attorney General, Albany, NY.

Appeal from an order of the United States District Court for the Northern District of New York (McAvoy, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Johnathan Johnson appeals from an August 21, 2008 order of the United States District Court for the Northern District of New York (McAvoy, J.), which denied his motion for a preliminary injunction. Johnson sought transfer to a more secure facility based on his concerns about his safety and the safety of his family members during prison visits. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review the denial of a preliminary injunction for abuse of discretion." Lynch v. City of N.Y., 589 F.3d 94, 99 (2d Cir. 2009). Ordinarily, "a party seeking a preliminary injunction [must] show (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010) (internal quotation marks omitted); see also id. at 38 (upholding this "venerable standard for

assessing a movant's probability of success on the merits"). However, a party seeking "a 'mandatory' injunction--that is, as in this case, an injunction that will alter rather than maintain the status quo--. . . must meet the more rigorous standard of demonstrating a 'clear' or 'substantial' likelihood of success on the merits." Doninger v. Niehoff, 527 F.3d 41, 47 (2d Cir. 2008).

Liberally construed, Johnson's motion asserts a violation of the Eighth Amendment based on purported deliberate indifference to inmate safety. See Farmer v. Brennan, 511 U.S. 825, 857 (1994) ("The Eighth Amendment guarantees each prisoner that reasonable measures will be taken to ensure his safety."). As explained in this Court's order denying Johnson's previous motion for a preliminary injunction in the same underlying action, Johnson v. Miles, 355 F. App'x 444, 446 (2d Cir. 2009), this alleged violation of a constitutional right satisfies Johnson's burden to demonstrate irreparable harm, see Statharos v. N.Y. City Taxi and Limousine Comm'n, 198 F.3d 317, 322 (2d Cir. 1999) ("Because plaintiffs allege deprivation of a constitutional right, no separate showing of irreparable harm is necessary.").

Nevertheless, we find no abuse of discretion in the district court's denial of a preliminary injunction, because Johnson failed to demonstrate a clear or substantial likelihood of success on the merits of his Eighth Amendment claim. "The test for deliberate indifference is twofold. First, the plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm. Second, the plaintiff must demonstrate that the defendant prison officials possessed sufficient culpable intent." Hayes v. N.Y. City Dep't of Corrections, 84 F.3d 614, 620 (2d Cir. 1996). Even assuming that Johnson's allegations regarding the May 2008 incident demonstrate that the prison visitation protocols pose "a substantial risk of serious harm," Johnson failed to demonstrate that any prison official "possessed sufficient culpable intent." Id. "[A] prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." Id. We conclude that reasonable measures were taken to abate any such harm based on (i) the investigation of the May 2008 incident, (ii) the monitoring of inmates and visitors during visits,

and (iii) Johnson's designation to the secure Special Housing Unit.

We have considered all of Johnson's arguments on this appeal and find them to be without merit.  Accordingly, the order of the district court is hereby **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK